NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

NICHOLAS KANERY (CANERY), PETITIONER, v. CENTRAL
RAILROAD OF NEW JERSEY, RESPONDENT.

Injury to Blacksmith Employed by Respondent Through an Al-
leged Hot Metal Falling on His Foot—Question of Doubt
Whether Injury was the Result of Employment by Respond-
ent—Compromise Settlement Accordingly Agreed to.

For the petitioner, *Charles Becker.*

For the respondent, *De Voe Tomlinson.*

\*       \*       \*       \*       \*       \*       \*       \*

Some time, on or about July 3d, 1925, at about three-
thirty P. M., the petitioner was employed by the respondent
as a blacksmith, working at the respondent's plant located in
Elizabeth, New Jersey, and, while working with some hot
metal, the petitioner contends that the metal fell on his foot,
receiving a burn and injury from this said accident.

The petitioner claims that Mr. Kelly, the foreman, had
knowledge of the said accident, but the respondent filed its
answer on the above-mentioned date, stating that it had no
knowledge of the accident, and further, that the amputation
of the right foot above the knee was not the result of an ac-
cident.

It appears that several days after this accident the peti-
tioner was treated by Doctor Lowrey, of the city of Newark,
county of Essex and State of New Jersey, and on or about
July 24th, 1925, the petitioner was admitted into the Eliza-
beth General Hospital, which is eighteen days after the said
accident, and was discharged in an improved condition on
August 28th, 1925. On or about October 27th, 1925, and
on or about November 7th, 1925, while in the Newark City
Hospital, an operation and amputation was performed of
the leg, and the diagnosis is as follows: "Arterio sclerotic
gangrene of right foot. Diabetes mellitus."

Since there is a doubt as to whether or not the petitioner or the respondent could prove their case, and whether or not the petitioner could prove that this injury was caused and arose out of and in the course of his employment, and whether the respondent could prove that the injury was not caused by and did not arise out of and in the course of the petitioner's employment, all parties above mentioned had agreed upon and effected a settlement in lump sum for $1,700, and Doctor Samuel A. Shapiro and Doctor James H. Lowrey appeared on behalf of the petitioner, and Doctor Keppler and Doctor Arlitz on behalf of the respondent.

In agreeing upon such a settlement the respondent has taken in consideration the service of the petitioner, having been in the respondent's employment for more than twenty-three years.

It is expressly understood and agreed that from the sum of $1,700, $150 will be paid for medical expenses and $200 for counsel fee, leaving a balance of $1,350 to be paid to the petitioner. All expenses will be paid by the petitioner out of the above-stated amount.

The stenographic fee will be paid equally by both parties, and it is also expressly understood and agreed that if the petitioner shall endeavor to obtain an artificial leg the same shall be paid by him.

\*     \*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*